IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABY ARANDA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:11-cv-654-JPG-DGW |
| ) | |
| WALGREEN CO., d/b/a WALGREENS, ) | |
| HOFFMAN-LA ROCHE INC., ) | |
| ROCHE LABORATORIES, INC.; ) | |
| F. HOFFMANN-LA ROCHE, LTD., ) | |
| and ROCHE HOLDING LTD., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. to stay this case pending the decision of the Judicial Panel on Multidistrict Litigation ("MDL") whether to transfer this action to *In re Accutane Products Liability Litigation,* Master File No. 8:04-md-2523-T-30TBM, MDL 1626 (Doc. 6). This Court retains full jurisdiction over this action until a transfer order is filed in the transferee court. *See Illinois Mun. Retirement Fund v. Citigroup, Inc.,* 391 F.3d 844, 850 (7th Cir. 2004). The Court may, in its discretion, stay the case pending such an order or may make any ruling in the case. Where there is a question as to federal jurisdiction prior to the transfer, the Court should make a preliminary assessment of the jurisdictional issue and remand the case to state court if appropriate. *Meyers v. Bayer AG,* 143 F. Supp. 2d 1044, 1048-49 (E.D. Wis. 2001). After all, it would waste judicial resources to transfer a case to an MDL proceeding in the absence of federal jurisdiction.

Here, there is a serious jurisdictional issue that persuades the Court that a stay pending transfer is not appropriate until the preliminary jurisdictional issue is resolved. It appears on the face of the pleadings that federal diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist.

Diversity jurisdiction requires that the opposing parties not be citizens of the same state. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). However, complete diversity does not exist in this case. The plaintiffs are individuals who are either citizens of Illinois or New Jersey. Walgreen Co. is a citizen of Illinois, and Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. are citizens of New Jersey and Delaware. The citizenships of the remaining defendants is unknown. Because some plaintiffs and some defendants clearly share common citizenship in Illinois or New Jersey, the complete diversity requirement is not met.

Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. ask the Court to disregard (1) the citizenship of defendant Walgreen Co. because it is fraudulently joined as a defendant and (2) the citizenship of the two New Jersey plaintiffs because they are "fraudulently misjoined" as plaintiffs under a theory espoused by the Eleventh Circuit Court of Appeals in *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir. 1996). Before deciding whether the Court has diversity jurisdiction by virtue of these theories, the Court would like to hear from the plaintiffs.

Accordingly, the Court **DENIES** the motion to stay (Doc. 6) and **ORDERS** the plaintiffs to respond on or before August 15, 2011, to the arguments made in the notice of removal regarding the fraudulent joinder and fraudulent misjoinder theories. Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. may reply to that response on or before August 22, 2011. No brief shall exceed ten pages and, in light of the potential impending transfer to MDL-1626, <u>no extensions of time will be granted.</u>

**Dated this 4th day of August, 2011.**

                    **SO ORDERED:**    s/J. Phil Gilbert
                                              **District Judge**