IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABY ARANDA, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-654-JPG-DGW |
| | ) |
| WALGREEN CO., d/b/a WALGREENS, | ) |
| HOFFMAN-LA ROCHE INC., | ) |
| ROCHE LABORATORIES, INC.; | ) |
| F. HOFFMANN-LA ROCHE, LTD., | ) |
| and ROCHE HOLDING LTD., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. This case arose when a number of individual plaintiffs sued the defendants for personal injuries they allegedly suffered after being exposed to the pharmaceutical drug Accutane, which is alleged to have been manufactured by defendants Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. and sold by defendant Walgreen Co. In an order dated August 4, 2011 (Doc. 10), the Court noted a serious jurisdictional issue, namely, that it appears on the face of the pleadings that federal diversity jurisdiction under 28 U.S.C. § 1332(a) does not exist because some of the plaintiffs and some of the defendants are citizens of the same states – Illinois and New Jersey. Because diversity jurisdiction requires that the opposing parties not be citizens of the same state, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806), it appears the complete diversity requirement is not met.

In their notice of removal, Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. ask the Court to disregard (1) the citizenship of Illinois defendant Walgreen because it is fraudulently joined as a defendant and (2) the citizenship of the two New Jersey plaintiffs because they are "fraudulently misjoined" as plaintiffs under a theory espoused by the Eleventh Circuit Court of Appeals in *Tapscott v.*

*MS Dealer Serv. Corp.,* 77 F.3d 1353 (11th Cir. 1996). Before deciding whether the Court has diversity jurisdiction by virtue of these theories, the Court allowed the plaintiffs to respond to the defendants' position. They have done so by filing a motion to remand (Doc. 12), which the Court construes as a response to its invitation to respond to the defendants' position in the notice of removal. Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. have responded to the plaintiff's filing (Doc. 16) arguing that the plaintiff's naming of two New Jersey citizens as plaintiffs and an Illinois pharmacy as a defendant is a deliberate attempt through gamesmanship to deprive them of the federal forum to which they are entitled.

A plaintiff cannot destroy diversity jurisdiction by joining a nondiverse party if the joinder is fraudulent. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The Court must ignore the citizenship of fraudulently joined parties when determining if it has diversity jurisdiction. *Id.*; *see Bodine's, Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 48-49 (N.D. Ill. 1984). Fraudulent joinder can occur in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against a nondiverse defendant or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb*, 990 F.2d at 327. The doctrine of fraudulent misjoinder or procedural misjoinder adds a third possibility: the court may ignore viable, non-fraudulent claims if they have been egregiously misjoined with other claims in the lawsuit and dispose of them separately such as, for example, by remanding them to state court. *See Tapscott*, 77 F.3d at 1360. The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder. 15 James W. Moore *et al.*, *Moore's Federal Practice* § 102.21[5][a] (3d ed. 2002). Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. believe the New Jersey plaintiffs' claims are egregiously and fraudulently misjoined.

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has addressed the fraudulent misjoinder doctrine. *Rutherford v. Merck & Co.,* 428 F. Supp. 2d 842, 851 (S.D. Ill. 2006), provides persuasive reasoning why the Court should not adopt the fraudulent misjoinder doctrine on its

own. In that case, the court noted that whether state law claims are properly joined in a case originating in state court is a matter for the state court to decide and does not implicate the subject matter jurisdiction of a federal court. *Id.* at 851. The court further noted that removal is a creature of statute that sets a balance between federal and state courts and must therefore be construed narrowly and only expanded by Congress, not the courts. *Id.* at 852. Finally, the court noted the Seventh Circuit Court of Appeals' preference for jurisdictional rules that are simple and easy to apply, yield consistent results and avoid wasting resources by erroneous threshold jurisdictional decisions. *Id.* The court observed that the fraudulent misjoinder doctrine has engendered confusion by courts' divergent views of what level of misjoinder justifies invoking the doctrine. *Id.* at 852-54 (listing cases). The doctrine has not yielded consistent, predictable results and is unlikely to do so in light of the discretionary nature of courts' joinder decisions. *Id.* at 854-55. Therefore, the *Rutherford* court declined to recognize the fraudulent misjoinder doctrine absent an indication from Congress, the Supreme Court or the Court of Appeals for the Seventh Circuit that it should do so. *Id.* at 855. Since *Rutherford*, none of these bodies have addressed the issue, and courts in this district have generally refused to apply the doctrine. *See, e.g., In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & Prods. Liab. Litig.*, No. 09-md-2100-DRH-PMF, 2011 WL 884338, at *8 (S.D. Ill. Mar. 11, 2011) (Nos. 10-cv-20382-DRH-PMF, 10-cv-20248-DRH-PMF); *Anderson v. Bayer Corp.*, No. 09-cv-988-GPM, 2010 WL 148633, *5 (S.D. Ill. 2010).

While it shares the frustration at plaintiffs' forum-selection gamesmanship expressed by Chief Judge Herndon in *In re Yasmin & Yaz*, this Court agrees with the reasoning of *Rutherford* and declines to apply the fraudulent misjoinder doctrine. This conclusion leaves New Jersey plaintiffs and New Jersey defendants in this case and requires the Court to remand this case to state court. Because the fraudulent misjoinder theory requires remand, the Court need not decide whether the New Jersey plaintiffs' claims are misjoined or address the fraudulent joinder theory under which the defendants ask the Court to

3

disregard the citizenship of Illinois defendant Walgreen.

The Court further declines to certify this case for immediate appeal under 28 U.S.C. § 1292(b), as requested by Hoffmann-La Roche, Inc. and Roche Laboratories, Inc. Certification is only appropriate where the order sought to be appealed "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). While the issue of fraudulent misjoinder certainly presents a question about which there is substantial ground for difference of opinion, appellate review of an order remanding an action to state court are not reviewable, even pursuant to 28 U.S.C. § 1292(b). *See* 28 U.S.C. § 1447; 19 James Wm. Moore *et al.*, *Moore's Federal Practice* § 203.31[3] (3d ed. 2011).

For the foregoing reasons, the Court **REMANDS** this matter to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois. The plaintiffs' motion to remand (Doc. 12) is rendered **MOOT** by this order.

**IT IS SO ORDERED.**
**Dated this 24th day of August, 2011.**

                                                s/J. Phil Gilbert
                                                **District Judge**